UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Luan Ribeiro-Almeida

   v.                                                Civil No. 25-cv-408-LM-TSM
                                                    Opinion No. 2025 DNH 139 P

FCI Berlin, Warden et al

**O R D E R**

Luan Ribeiro-Almeida petitions for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that the Immigration Judge ("IJ") who conducted his bond hearing under 8 U.S.C. § 1226(a) violated his First Amendment rights in finding him dangerous and a flight risk on the basis of his assertedly protected speech. The government objects. Doc. no. 3. For the following reasons, Ribeiro-Almeida's petition (doc. no. 1) is denied.

**STANDARD OF REVIEW**

This court may grant a writ of habeas corpus to a person held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The petition "may be resolved on the merits without [an evidentiary] hearing when, as here, the material facts are not in dispute." Cummings v. Fed. Corr. Inst., Berlin, Civ. No. 22-cv-468-SM-AJ, 2024 WL 1256068, at *1 (D.N.H. Mar. 25, 2024). The petitioner has the burden of proving that his confinement is unlawful. Espinoza v. Sabol, 558 F.3d 83, 89 (1st Cir. 2009).

## BACKGROUND[1]

Ribeiro-Almeida is a twenty-seven-year-old Brazilian national. He was lawfully admitted to the United States on May 3, 2023 pursuant to a tourist visa.[2] He has overstayed his visa. Ribeiro-Almeida married a lawful permanent resident in November 2024. He has a job and a place to live, and no criminal record.

Immigrations and Customs Enforcement ("ICE") arrested Ribeiro-Almeida on September 5, 2025. Although the circumstances of Ribeiro-Almeida's arrest are not clear from his petition, he alleges that he "has spoken out about community issues and has disturbed members of the Brazilian community." Doc. no. 1 at 4. The petition provides no other information about Ribeiro-Almeida's speech, such as its content, the circumstances in which it was offered, or to whom he spoke.

Ribeiro-Almeida has been detained since his arrest. He filed an application for asylum, withholding of removal, and protection under the Convention Against Torture on September 15, 2025. He sought and received a bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, and that hearing occurred on September 18, 2025. The IJ denied Ribeiro-Almeida's request for release on bond because she found that he "is a danger to the community. In the alternative, he is a flight risk that no amount of bond can ameliorate." Doc. no. 1-2

---

[1] The following facts are drawn from Ribeiro-Almeida's petition and the attachments thereto. The court assumes the petition's well-pleaded facts to be true for purposes of this order.

[2] Because Ribeiro-Almeida was lawfully admitted to the United States, he is not an "applicant for admission" under 8 U.S.C. § 1225(a)(1) and is not subject to the holding in Matter of Yajure Hurtado, 29 I. & N. 216 (BIA 2025).

at 1. Ribeiro-Almeida alleges that the IJ found him dangerous and a flight risk on the basis of his speech, which, while "upsetting to vocal members of the community, is protected under the United States Constitution." Doc. no. 1 at 5. However, Ribeiro-Almeida has not provided the court with a transcript of his bond hearing, copies of any evidentiary submissions presented to IJ, or any other information about the basis for the IJ's determination.

Ribeiro-Almeida has appealed the IJ's bond denial to the BIA. That appeal remains pending. He filed the instant habeas petition in this court on October 16, 2025. He claims that his detention is unlawful because the IJ denied him bond on the basis of his protected speech, in violation of his First Amendment rights.

## DISCUSSION

The government's primary arguments in opposition to Ribeiro-Almeida's petition are that he has not yet exhausted his administrative remedies and that this court is precluded from reviewing the IJ's bond denial pursuant to 8 U.S.C. § 1226(e). In addition, the government contends the petition's allegations are conclusory and undeveloped.

With respect to exhaustion, "a plaintiff's failure to exhaust [his] administrative remedies precludes [him] from obtaining federal review of claims that would have properly been raised before the agency in the first instance." Brito v. Garland, 22 F.4th 240, 255 (1st Cir. 2021). Exhaustion may be required by statute or as a matter of common law. Id. Failure to comply with statutory exhaustion requirements "deprives a federal court of jurisdiction," but "courts have

more latitude" to excuse noncompliance with common law exhaustion requirements. Id. (quoting Portela-Gonzalez v. Sec'y of the Navy, 109 F.3d 74, 77 (1st Cir. 1997)). Here, the government agrees that common-law exhaustion applies to Ribeiro-Almeida's petition.

Regulations provide Ribeiro-Almeida with an avenue to appeal the IJ's bond denial to the BIA, 8 C.F.R. § 1236.1(d)(3), and Ribeiro-Almeida's appeal before the BIA is currently pending. However, as the government recognizes, a habeas court may excuse a failure to exhaust administrative remedies when "substantial doubt exists about whether the agency is empowered to grant meaningful redress." Doc. no. 3 at 5 (quoting Flores-Powell v. Chadbourne, 677 F. Supp. 2d 455, 463 (D. Mass. 2010)). Ribeiro-Almeida claims that the IJ found him dangerous and denied him bond on the basis of constitutionally protected speech, in violation of his First Amendment rights. There is at least some doubt as to whether the BIA is empowered to consider Ribeiro-Almeida's claim. See Blandon v. Barr, 434 F. Supp. 3d 30, 37 (W.D.N.Y. 2020) (holding that noncitizen was not required to exhaust claim that he was denied constitutionally adequate bond hearing because "the BIA does not have jurisdiction to adjudicate constitutional issues" (quoting United States v. Gonzalez-Roque, 301 F.3d 39, 48 (2d Cir. 2002))). Thus, it is not clear that Ribeiro-Almeida's First Amendment claim is "properly . . . raised before the [BIA] in the first instance." Brito, 22 F.4th at 255.

Turning to 8 U.S.C. § 1226(e), that statute provides that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not

4

be subject to review," and that "[n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any [noncitizen] or the revocation or denial of bond or parole." The government contends that § 1226(e) precludes review of Ribeiro-Almeida's claim. Section 1226(e), however, only bars "review of the Attorney General's discretionary judgment." Saint Fort v. Ashcroft, 329 F.3d 191, 200 (1st Cir. 2003). It does not eliminate "habeas jurisdiction over constitutional claims or questions of law." Hernandez v. Sessions, 872 F.3d 976, 987 (9th Cir. 2017) (quoting Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011)). Here, while Ribeiro-Almeida challenges the IJ's denial of bond on the grounds that he is dangerous or a flight risk, the basis for his challenge is constitutional in nature. See also Mayancela Mayancela v. FCI Berlin, Warden, Civ. No. 25-cv-348-LM-TSM, 2025 WL 3215638, at *5 n.5 (D.N.H. Nov. 18, 2025) (suggesting that § 1226(e) may not bar habeas review of a finding of dangerousness or flight risk insofar as such a finding is based on the application of a "legal standard . . . to an established set of facts" (alteration in original) (quoting Wilkinson v. Garland, 601 U.S. 209, 212 (2024))).

However, the court need not decide whether § 1226(e) or a failure to exhaust dooms Ribeiro-Almeida's claim, because he has failed to show on the merits that he is entitled to relief. See Doe v. Town of Lisbon, 78 F.4th 38, 44-45 (1st Cir. 2023) (noting that the court may assume the existence of statutory jurisdiction "if a decision on the merits will favor the party challenging the court's jurisdiction" (quoting Akebia Therapeutics, Inc. v. Azar, 976 F.3d 86, 92 (1st Cir. 2020))). The

factual allegations in Ribeiro-Almeida's petition are sparse. He contends that the IJ found him to be dangerous or a flight risk because he "has spoken out about community issues and disturbed members of the Brazilian community." Doc. no. 1 at 4. He claims that "[h]is speech, no matter how upsetting to vocal members of the community, is protected under the United States Constitution," such that the IJ violated his First Amendment rights in detaining him on the basis of that speech. Id. at 5. However, as the government notes, Ribeiro-Almeida's allegations are conclusory and undeveloped.

      Other than acknowledging his speech was "upsetting" and "disturb[ing]" to community members, id. at 4-5, Ribeiro-Almeida does not provide any information about the content of his speech. He does not, for example, attach a declaration to his petition explaining what he said, to whom, and in what context. Depending on its content and context, a judicial officer may constitutionally conclude that a person's speech demonstrates they are a danger to the community or a flight risk. "True threats of violence," for example, "lie outside the bounds of the First Amendment's protection." Counterman v. Colorado, 600 U.S. 66, 72 (2023). "And a statement can count as such a threat based solely on its objective content." Id. In addition, Ribeiro-Almeida has not provided this court with any information as to the evidence before the IJ or the reasoning upon which she relied. He has not, for example, produced a transcript of the bond hearing or provided copies of the evidentiary submissions available to the IJ. See, e.g., Mayancela, 2025 WL 3215638, at *1-3. Absent such

6

materials, the court cannot determine whether the IJ impermissibly relied upon Ribeiro-Almeida's constitutionally protected speech in ordering him detained.

It is the petitioner's burden to demonstrate that he is entitled to relief. Because Ribeiro-Almeida has not provided this court with sufficient reliable information to determine that his First Amendment rights were violated, he has failed to carry his burden of demonstrating entitlement to habeas relief.

## CONCLUSION

Ribeiro-Almeida's petition for a writ of habeas corpus (doc. no. 1) is denied. The clerk is directed to enter judgment and close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

December 9, 2025

cc:   Counsel of Record